UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

Amy Wexler, et al.

                        Plaintiff,

v.                                               Case No.: 1:21−cv−02543
                                                      Honorable Heather K. McShain

Chubb National Insurance Company, et al.

                        Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, May 5, 2023:

      MINUTE entry before the Honorable Heather K. McShain: The Court has reviewed the parties' joint status report [82], which reports on the progress of discovery and the appraisal of the contents of the Wexlers' home. The parties report that the Chubb Rule 30(b)(6) deposition proceeded on 04/25/2023 on a limited set of topics, that Chubb withdrew a witness designation as to one of the topics one day before the deposition, and that Chubb's witness was instructed not to answer questions that did not require him to reveal privileged information. In light of this, the Wexlers expect to file an "omnibus motion" respecting Chubb's alleged discovery violations. For its part, Chubb states that it is meeting and conferring with the Wexlers about the Wexlers' need to supplement their responses to document requests and certain interrogatories. The parties are reminded of their obligation to completely exhaust their meet−and−confer obligations before filing any discovery motion. As for the contents of the appraisal, the parties continue to be at odds regarding the scheduling of the appraisal and what steps must be taken before the appraisal can occur. The parties appear to dispute, among other things: (1) whether a category of roughly 740 items that Chubb's appraiser wishes to inspect have previously been inspected; (2) whether the Wexlers' appraiser has confirmed that these items are located at the Wexlers' home and/or at the storage unit rented by the Wexlers' in connection with the anticipated appraisal; and (3) whether some or all of these items will need to be removed from the storage unit and transported to a different location, in order to facilitate the appraisal. The status report further provides that the parties' appraisers and the umpire have now agreed to view the storage unit on 05/16/2023, at which time they will assess whether the items of interest to Chubb's appraiser can be located and whether a proper inspection can occur within the storage unit itself. According to Chubb, moreover, its appraiser and the umpire have both confirmed their availability for the actual inspection, which must occur over two consecutive days, on 6/7 and 6/8/23, but the Wexlers' appraiser has not confirmed her availability on those days. Based on the limited information contained in the status report, and on the selection of emails from the parties' appraisers attached as exhibits, the Court does not believe that any of these disputes are ripe for judicial resolution or that the Court has sufficient information to make a reliable, informed decision regarding these disputes. Nor does the Court believe it appropriate to short−circuit the ongoing appraisal process and order that Chubb's appraiser issue a report limited to those items that have already been inspected, as the Court has no basis to decide

whether the 740 items at issue have already been inspected or whether the items have not, but should have been, previously inspected. Rather, it is apparent to the Court that the parties and their appraisers need to set aside time to conduct a meet−and−confer session on the outstanding items relating to the contents appraisal. The Court therefore orders that counsel for the Wexlers' and Chubb, the appraisers, and, if possible, the umpire, participate in a telephonic meet−and−confer on the issues identified in the joint status report, as well as any other issues they may have respecting the contents appraisal. This meet and confer may occur either before or after the inspection of the storage unit on 05/16/2023, but it must occur no later than 05/26/2023. Finally, the parties should be aware that, based on the contents of the status report, the Court has concerns about the proposal by Chubb's appraiser that the 740 items of interest be transported to a new location for inspection by the appraisers and umpire. It remains to be seen whether the Wexlers' storage unit provides sufficient space for an inspection of these items, but the proposal to transport these items elsewhere strikes the Court as likely to be very time−consuming and very expensive. Any request that the Court order that the items be transported elsewhere will require a particularized showing of good cause for such an order and must be supported by evidence, rather than assertions by counsel. A further joint status report is due on 06/02/2023 to update the Court on the progress of fact discovery and the status of the contents appraisal. The parties may contact chambers at any time (by email to Chambers_McShain@ilnd.uscourts.gov) if they would like the Court's assistance with settlement. Mailed notice. (pk, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.