UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMY WEXLER and KENNETH A. WEXLER, | ) | |
| *Plaintiffs*, | ) ) ) | |
| vs. | ) ) | No. 21-CV 2543 |
| CHUBB NATIONAL INSURANCE COMPANY, and BELFOR USA GROUP INC., | ) ) ) ) | |
| *Defendants*, | ) ) | |
| and | ) ) | |
| CHUBB NATIONAL INSURANCE COMPANY, | ) ) ) | |
| *Counterclaim Plaintiff*, | ) ) | |
| vs. | ) ) ) | |
| AMY WEXLER and KENNETH A. WEXLER, | ) ) | |
| *Counterclaim Defendants*. | ) | |

**CHUBB NATIONAL INSURANCE COMPANY'S ANSWERS TO PLAINTIFFS' SECOND SET OF INTERROGATORIES**

Defendant/Counterclaim Plaintiff Chubb National Insurance Company ("Chubb"), by their attorneys, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby provide the following Answers to the Second Set of Interrogatories from Plaintiffs.

**INTERROGATORIES**

1. Identify each person who participated in the preparation of Chubb's answers to these Interrogatories, including the corresponding number of each Interrogatory for which each person provided information or otherwise participated.

**ANSWER:** Robert Paradis along with counsel for Chubb participated in the preparation of the answers to these interrogatories.

2. For each person listed below: (1) Identify each of the person's title(s) and employer(as) from February 1, 2019 through January 1, 2021; (2) describe the person's role and responsibilities in connection with the Insurance Claim, including the dates on which the person's involvement with the Insurance Claim began and ended; and (3) identify the person's immediate supervisor(s) while the person was involved with the Insurance Claim.

**ANSWER:**

    a.    Ashley Argyle;
        1) AVP Claim Supervisor - Chubb
        2) Handling of claim and vendor invoice submissions. See documents previously produced from the claim file in accordance with FRCP 33(d) and Chubb's Privilege Log, but involvement was approximately between February 2019 to July 2020.
        3) Andrew Norris

    b.    Jordon Beverly
        1) Sr. Property Adjuster - Chubb
        2) Handling of claim and vendor invoice submissions. See documents previously produced from the claim file in accordance with FRCP 33(d) and Chubb's Privilege Log, but involvement was approximately between February 2019 to February 2019.
        3) Information is not known due to no longer being an employee.

    c.    Tim Blake
        1) VP Claim Leader North American Property Claims - Chubb
        2) Review of the claim status. See documents previously produced from the claim file in accordance with FRCP 33(d) and Chubb's Privilege Log, but involvement was approximately May 2019
        3) Lawrence D'Avenia

    d.    Tina Bryant
        1) Sr. Claim Operations Claim Assistant - Chubb
        2) Providing access to documentation requested by retained counsel as related to anticipated litigation. See documents previously produced from the claim file in accordance with FRCP 33(d) and Chubb's Privilege Log, but involvement was approximately April 2020.
        3) Tina Larson

    e.    Lacey Chastain
        1) Sr. Claims Examiner - Chubb
        2) Handling of the claim, including living expenses and vendor activity. See documents previously produced from the claim file in accordance with FRCP 33(d) and Chubb's Privilege Log, but involvement was approximately February 2019.
        3) Information is not known due to no longer being an employee.

    f.    Hattie Cherry
        1) Sr. Claims Assistant - Chubb
        2) Attached an email from JS Held to the claim file on 04/11/19
        3) Tina Larson

g. Thomas Coleman;
   1) Objection. This request seeks information that is not relevant to any party's claim or defense as set forth in Fed. R. Civ. P. 26(b)(1).
   2) Objection. This request seeks information that is not relevant to any party's claim or defense as set forth in Fed. R. Civ. P. 26(b)(1).
   3) Objection. This request seeks information that is not relevant to any party's claim or defense as set forth in Fed. R. Civ. P. 26(b)(1).
   4) Objection. This request seeks information that is not relevant to any party's claim or defense as set forth in Fed. R. Civ. P. 26(b)(1).

h. Corey Everett
   1) VP, Complex Unit & Claim Leader - Chubb
   2) Review of vendor invoices, monitoring of claim, discussing legal advice, guidance, and attorney activities, handling of claim payment requests, discussions with the insured on claim resolution. See documents previously produced from the claim file in accordance with FRCP 33(d) and Chubb's Privilege Log, but involvement was approximately February 2020 to present.
   3) Lawrence D'Avenia

i. Kathryn Foley
   1) Account Specialist – Aon Private Risk Management
   2) Monitoring of claim. See documents previously produced from the claim file in accordance with FRCP 33(d) and Chubb's Privilege Log, but involvement was approximately February 2019 to March 2021.
   3) Unknown to Chubb.

j. Walter Haessig
   1) Large Loss Claim Manager - Chubb
   2) Claim assignment and monitoring of claim. See documents previously produced from the claim file in accordance with FRCP 33(d) and Chubb's Privilege Log, but involvement was approximately April 2020 to April 2021.
   3) Corey Everett

k. Joshua Heffeman
   1) Unknown to Chubb – ADR Systems.
   2) Receiver of confidential Mediation submission of Chubb on behalf of Mediator. See Chubb's Privilege log, but involvement was in September 2020.
   3) Unknown to Chubb.

l. Caitlin Herman
   1) Sr. Property Claims Adjuster - Chubb
   2) Handling of claim, offering of ALE, and conversations with Mrs. Wexler and BELFOR. See documents previously produced from the claim file in accordance with FRCP 33(d) and Chubb's Privilege Log, but involvement was approximately February 2019.
   3) Information is not known due to no longer being an employee.

m. Latonya Johnson
1) Chubb
2) Responding to request of retained counsel for providing of documentation for legal review and guidance. See documents previously produced from the claim file in accordance with FRCP 33(d) and Chubb's Privilege Log, but involvement was April 2020.
3) Michelle Wright

n. Mary Knispel
1) Administrative Assistant – Foran Glennon Palandech Ponzi & Rudloff PC
2) Forwarding of communication between retained counsel and client with regard to legal advice and work product discussion between client and attorney. See Chubb's Privilege log, but involving was in May 2021.
3) Michael S. Errera, Esq.

o. Michael Koos
1) AVP Claim Manager - Chubb
2) Review of claim status, including authorization for consultant retention, and claim payment authorization. See documents previously produced from the claim file in accordance with FRCP 33(d) and Chubb's Privilege Log, but involvement was approximately April 2019 to December 2019.
3) Tim Blake

p. Michael Koss (duplicative of request "o")
1) AVP Claim Manager
2) Review of claim status, including authorization for consultant retention, and claim payment authorization. See documents previously produced from the claim file in accordance with FRCP 33(d) and Chubb's Privilege Log, but involvement was approximately April 2019 to December 2019.
3) Tim Blake – supervisor name

q. Donald Lee
1) Property Quality Reinspector – Chubb
2) Copied on emails associated with the claim. See documents previously produced from the claim file in accordance with FRCP 33(d) and Chubb's Privilege Log, but emails were in April 2019.
3) Edward Ramos

r. Vinay Kumar
1) IT Operations - Chubb
2) Forwarded communications between retained counsel and client with regard to legal advice and work product discussion between client and attorney to ensure placement into the claim file. See Chubb's Privilege log, but involving was in May 2021.
3) Marcos Nuzzi Barbosa

s. Tina Larson
1) Claim Operations Supervisor – North America Claim Operations - Chubb
2) Responding to request of retained counsel for providing of documentation for legal review and guidance. See documents previously produced from the claim file in accordance with FRCP 33(d) and Chubb's Privilege Log, but involvement was April 2020.
3) Patricia Neiner

t. Kelly McGuire
1) Administrative Assistant – Foran Glennon Palandech Ponzi & Rudloff PC
2) Forwarding of communication between retained counsel and client with regard to legal advice and work product discussion between client and attorney and forwarding of communications from retained counsel to Mediator and Plaintiffs' counsel. See Chubb's Privilege log, but involving was in September 2020 to February 2021.
3) Matthew S. Ponzi, Esq.

u. Robert Paradis
1) Sr. General Adjuster - Chubb
2) Handling of the claim, including the review and approval of payments under the policy, conversations with Plaintiffs' and counsel, discussions with retained counsel with regard to guidance and legal advice and work product issues, and handling submission from vendors, See documents previously produced from the claim file in accordance with FRCP 33(d) and Chubb's Privilege Log, but involvement was from April 2019 to present.
3) Wally Haessig and Corey Everett

v. Elza Palumbo
1) Operations – Chubb
2) Copied on emails associated with the claim. See documents previously produced from the claim file in accordance with FRCP 33(d) and Chubb's Privilege Log, but emails were in January and April 2019.
3) Supervisor at the time is not currently known

w. Steven Pelosi
1) Adjuster - Chubb
2) Assigned as claim adjuster in error and transferred same day to Robert Pardis, but involvement was in April 2019.
3) Wally Haessig

x. Baer Philipbar
1) Catastrophe Claims Manager - Chubb
2) Creation of a case evaluation report. See documents previously produced from the claim file in accordance with FRCP 33(d) and Chubb's Privilege Log, but involvement was in February 2019 to September 2019.
3) Jennifer Naughton – supervisor name

5

    y.    Allison Scott
1) Profile Administration Manager - Chubb
2) Receiving notification of claim reserve information. See documents previously produced from the claim file in accordance with FRCP 33(d) and Chubb's Privilege Log, but involvement was in February 2019 to September 2019.
3) Supervisor at the time is not currently known

    z.    John Serio
1) Assistant VP, Recovery Claims & Supervisor – Chubb
2) Evaluation of subrogation investigation. See documents previously produced from the claim file in accordance with FRCP 33(d) and Chubb's Privilege Log, but involvement was in February 2019 to September 2019.
3) Craig Billeci

    aa.    Jonathan Smith
1) Vice President, Regional Discipline Manager - Chubb
2) Review of the claim and vendor activities. See documents previously produced from the claim file in accordance with FRCP 33(d) and Chubb's Privilege Log, but involvement was in April 2019.
3) James Lenz

    bb.    Christopher Tate
1) PRS AVP Regional Underwriting Manager - Chubb
2) Review of the claim and vendor activities. See documents previously produced from the claim file in accordance with FRCP 33(d) and Chubb's Privilege Log, but involvement was in April 2019.
3) Dorthea Johnson

    cc.    Michelle Teggelaar
1) Unknown to Chubb – ADR Systems.
2) Receiver of confidential Mediation submission of Chubb on behalf of Mediator. See Chubb's Privilege log, but involvement was in September 2020.
3) Unknown to Chubb.

    cc.    Dashunda Washington
1) Claims Operations Sr. Assistant - Chubb
2) Responding to request of retained counsel for providing of documentation for legal review and guidance. See documents previously produced from the claim file in accordance with FRCP 33(d) and Chubb's Privilege Log, but involvement was April 2020.
3) Monica Turner

    3.    State the date on which Chubb first communicated with BELFOR regarding the Home or the Insurance Claim, Identify each Person who was involved with that Communication and the topics discussed during that Communication, and identify all Documents memorializing, constituting, or referring to that Communication.

**ANSWER:** See documents produced from the claim file in accordance with FRCP 33(d), including Chubb 10901.

4. At any time prior December 31, 2020, did any of the Chubb claim personnel assigned to or involved with the Insurance Claim have access to reference materials or guidance prepared by or furnished by Chubb that discusses procedures for: (i) investigating or remediating residential water damage; or (ii) handling residential water insurance claims? If yes, please state: (1) the name, date, and author of the reference materials or guidance; (2) whether any of the claim personnel assigned to or involved with the Insurance Claim consulted or referred to such reference materials or guidance at any time in connection with the Insurance Claim; and (3) the identities of which claim personnel who consulted or reviewed the materials or guidance and the date(s) on which such consultation or review first occurred.

**ANSWER:** Objection. This request is overly broad and burdensome as it is not limited in scope as to the "personnel" that are being requested. Without waiving said objections, Yes there was a General Adjuster Best Practices Guidelines. See Chubb 14971-14983 (will be produced after a Protective Order is entered). Other than the General Adjuster Best Practices Guidelines, Mr. Paradis did not refer to any of the reference materials or guidance listed in the request.

5. Does Chubb agree that BELFOR's delay in commencing mitigation and remediation services at the Home resulted in mold/water damage to the Home that could have been avoided had BELFOR commenced mitigation and remediation services sooner? If your answer is anything other than an unqualified "yes," state the principal facts on which you base your disagreement.

**ANSWER:** No. See Chubb's Answer para. 29. The delay in commencing mitigation and remediation services at the Home was due to Plaintiffs' delay in retaining BELFOR and not signing the Work Authorization until February 7, 2019.

6. State with specificity what Caitlin Herman discussed with Daniel Reyes during the call referenced in the Chubb file note bearing bates number Chubb_010901, including whether Herman instructed BELFOR to send an industrial hygienist to the Home to check for mold and whether Herman and Reyes discussed the scope of mitigation and remediation services at the Home.

**ANSWER:** Objection. This request seeks a narrative response that is best suited for a deposition. Without waiving this objection, see documentation previously produced from the claim file in accordance with FRCP 33(d), including Chubb 10901.

7. Did Jordon Beverly, Lacey Chastain, Ashley Argyle, or any other Chubb claim adjuster or manager provide any instructions or direction to BELFOR prior to May 1, 2019, regarding the scope of remediation or mitigation services at the Home? If your answer is anything other than an unqualified "no," state with specificity what instructions or direction Chubb provided to BELFOR during this period, Identify who provided such instructions or directions, and Identify all Documents or Communications referring to, relating to, or constituting such instructions or direction.

**ANSWER:** Yes. See documents previously produced from the claim file in accordance with FRCP 33(d), including Chubb 8438-8450, 10185, 10186, 10188, 10313-10323, 10660, 10661, 10690, 10698, 10827-10828.

8. Does Chubb contend that none of its personnel approved or disapproved work or services that BELFOR suggested should be performed at the Home? If Chubb's response is anything other than an unqualified "yes," state the principal facts on which Chubb relies in support of its denial in its Answer that Chubb directed BELFOR "on the scope of repairs."

**ANSWER:** Objection. This request is vague as to the terms of which work and a time frame being requested. Notwithstanding the objection, see response to request number 7.

9. If Chubb contends that, at any time prior to the Wexlers' filing of this lawsuit, Chubb communicated to the Wexlers any disagreement with the estimates for repair and/or replacement of the Home prepared by Goodfriend Magruder Structures, Silverman Co. Inc. or Wheeler Kearns Architects that the Wexlers sent to Chubb in April 2020, identify each and every sentence or phrase in any correspondence (including letters or emails) that Chubb sent to the Wexlers (including the date, mode of transmission, and recipient(s) of the correspondence) that Chubb contends communicates any such disagreement.

**ANSWER:** See claim file documentation previously produced in accordance with FRCP 33(d), including Chubb 645-652, 1175-1178, 1311-1312, 1768-1776, 1778, 1961, 3037, 3041, 3042-3048, 4459, 13478-13480, 13498-13500. Additionally, see Requests to Produce responses 2, 5, and 8.

10. If Chubb contends that, at any time prior to the Wexlers' filing of this lawsuit, Chubb communicated to the Wexlers any disagreement with the scope or methods of work performed by Paul Davis Emergency Services at the Home, identify each and every sentence or phrase in any Communication (including letters or emails) that Chubb sent to the Wexlers (including the date, mode of transmission, and recipient(s) of the correspondence) that Chubb contends communicates any such disagreement.

**ANSWER:** See claim file documentation previously produced in accordance with FRCP 33(d), response to Request Number 9 and Chubb 3031-3034, 3058-3248, 6797, 7313-7475 and 8164-8166.

11. Does Chubb contend that Robert Paradis was unaware prior to December 18, 2019 that Paul Davis was involved with the removal of drywall and interior finishes from the Home? If your answer is anything other than an unqualified "yes," state the principal facts on which you rely in support of the assertion in your Rule 26 disclosures that "Chubb did not learn of the gutting of the Home and the removal of all interior finishes until December 18, 2019."

**ANSWER:** Mr. Paradis was made aware of additional drywall removal on September 17, 2019, but he was not aware that eventually all of the drywall was removed until the Home was inspected on December 16, 2019.

12. State what it means at Chubb to engage a vendor "through T360."

**ANSWER:** This is the billing system for processing of vendor invoices.

13. Does Chubb contend that Robert Paradis did not terminate BELFOR's work at the Home? If your answer is anything other than an unqualified "yes," state the principal facts on which Chubb relies in support of its denial in its Answer that Chubb terminated BELFOR.

8

**ANSWER:** Objection. This request is vague and ambiguous, assumes facts and lacks foundation. Plaintiffs', through the execution of the Work Authorization, retained the services and entered into a contract with BELFOR, not Chubb.

14. State all means by which representatives of Chubb and BELFOR communicated with one another, such as in person and/or through phone calls, emails, texts, messaging apps, chat rooms, portals, and any other channels of communication.

**ANSWER:** Objection. This request is overly broad and burdensome as it is not limited in scope as to the "representatives" that are being requested. Without waiving said objections, Mr. Paradis communicated with BELFOR through phone calls and emails.

15. State whether Chubb sought reimbursement from BELFOR for the Wexlers' "broken/damaged items" as stated by Bob Paradis in a May 21, 2019 email to Andrew Plunkett.

**ANSWER:** No.

16. State whether Chubb engaged Enservio, JS Held, and DBI in writing and if so, whether such engagements were pursuant to agreements specifically pertaining to the Wexlers or agreements pertaining to both the Wexlers and other parties, and Identify all such engagement agreements.

**ANSWER:** See claim file documentation previously produced in accordance with FRCP 33(d).

17. State all means by which representatives within Chubb communicated with one another with regard to the Wexlers, their Home, and Contents, such as in person and/or through phone calls, messaging apps, emails, texts, chat rooms, internet portals, and any other channels of communication.

**ANSWER:** Objection. This request is overly broad and burdensome as it is not limited in scope as to the "representatives" that are being requested. Without waiving said objections, Mr. Paradis communicated through phone calls, emails and messaging apps.

18. For each of BELFOR, Enservio, DBI, and JS Held, state whether CHUBB provided any, some, or all of them with guidelines for the performance of their respective tasks with regard to the Home, the Contents, or the Insurance Claim, and Identify all such guidelines and state the date on which they were provided to BELFOR, Enservio, DBI, or JS Held.

**ANSWER:** Specific directions related to this claim were provided as reflect in the claim file documents produced in accordance with FRCP 33(d). General performance service agreements will be supplemented following the entry of a Protective Order.

19. State the date on which Chubb first anticipated coverage litigation with the Wexlers arising out of the Insurance Claim and identify the principal facts that caused Chubb to anticipate coverage litigation with the Wexlers.

**ANSWER:** March 2020. See claim file documentation previously produced in accordance with FRCP 33(d). In general, the principle facts related to the identification of the scope of damages to the dwelling, extent of damage to contents, mold damage that exceeded the policy limit, code violations, and duration extra living expenses.

20. Describe the role of the Foran Glennon firm in connection with the Insurance Claim, including the dates of its involvement and whether any Foran Glennon attorneys played any role in the drafting or preparation of the Building Damage Report dated August 23, 2020 and issued by DBI Construction Consultants.

**ANSWER:** Foran Glennon's role was to provide legal advice to Chubb in connection with letters and requests that were issued by Plaintiffs' legal counsel. Relatedly, Foran Glennon communicated with Plaintiffs' legal counsel, and represented Chubb in connection with the parties' pre-suit mediation.

21. Identify the Chubb claim personnel who were principally responsible for handling the "client stories" on the Chubb website about residential water damage claims found at the following urls:

- https://www.chubb.com/ca-en/individuals-families/client-stories/carolw.html
- https://www.chubb.com/us-en/individuals-families/client-stories/edk.Html
- https://www.chubb.com/us-en/individuals-families/client-stories/georgebetty.html
- https://www.chubb.com/ca-en/individuals-families/client-stories/joeroberta.html
- https://www.chubb.com/ca-en/individuals-families/client-stories/kathyl.html
- https://www.chubb.com/ca-en/individuals-families/client-stories/marcdeb.html
- https://www.chubb.com/ca-en/individuals-families/client-stories/markp.html
- https://www.chubb.com/ca-en/individuals-families/client-stories/paulm.html
- https://www.chubb.com/ca-en/individuals-families/clientstories/richard-l.html
- https://www.chubb.com/us-en/individuals-families/client-stories/scottk.html
- https://www.chubb.com/au-en/individuals-families/clientstories/yuctan-gillian.html

**ANSWER:** Objection. This request seeks information that is not relevant to any party's claim or defense, is disproportionate to the needs of the case, and seeks information that would be confidential and privileged.

22. Does Chubb maintain a preferred vendor list, whether called such a name or known at Chubb by any other name and, if so, was BELFOR on that list at any time on or before February 1, 2019?

**ANSWER:** Yes, but BELFOR was not on the vendor list during their work on this claim.

23. State the principal facts supporting Chubb's affirmative defenses, if any.

**ANSWER:** See the facts asserted in Chubb's Answer, Affirmative Defenses and Counterclaim.

Dated: January 31, 2022

Respectfully submitted,

*/s:/ Matthew S. Ponzi*

Matthew S. Ponzi, Esq. (mponzi@fgppr.com )
Michael S. Errera, Esq. (merrera@fgppr.com)
Foran Glennon Palandech Ponzi & Rudloff PC
222 North LaSalle Street, Suite 1400
Chicago, Illinois 60601
(312) 863-5000
*Attorneys for Defendant Chubb National Insurance*

## Declaration

Pursuant to 28 U.S.C. Sec. 1746, I, Robert Paradis, declare under penalty of perjury that the foregoing answer and responses to the Plaintiffs' Interrogatories are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 26th day of January, 2022

*Robert Paradis*
Robert Paradis

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Chubb's Response to Plaintiffs' Second Set of Interrogatories was served by e-mailing and/or mailing a copy on January 31, 2022, to the following attorneys of record:

Paul H. Tzur
Seth D. Lamden
BLANK ROME LLP
444 W. Lake Street, Suite 1650
Chicago, IL 60606
ptzur@blankrome.com
slamden@blankrome.com
*Counsel for Plaintiff*

Thomas A. Gamache
Daniel J. Offenbach
James A. Holevas
LEAHY, EISENBERG & FRAENKEL, LTD.
33 West Monroe St., Suite 1100
Chicago, Illinois 60603
Telephone: (312) 368-4554
tag@lefltd.com
djo@lefltd.com
jah@lefltd.com
*Counsel for Belfor*

/s:/ Matthew S. Ponzi
Matthew S. Ponzi (mponzi@fgppr.com )