UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMY WEXLER and KENNETH A. WEXLER,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>CHUBB NATIONAL INSURANCE COMPANY and BELFOR USA GROUP INC.,<br><br>    *Defendants*,<br><br>and<br><br>CHUBB NATIONAL INSURANCE COMPANY,<br><br>    *Counterclaim Plaintiff*,<br><br>  v.<br><br>AMY WEXLER and KENNETH A. WEXLER,<br><br>    *Counterclaim Defendants*. | No. 21 CV 2543<br><br>Magistrate Judge<br>  Keri L. Holleb Hotaling |

**WEXLERS' MOTION FOR ENTRY OF
PARTIAL FINAL JUDGMENT PER RULE 54(b)**

Plaintiffs Amy Wexler and Kenneth A. Wexler (the "Wexlers" or "Plaintiffs") move this Court for entry of partial final judgment per Rule 54(b) on Counts VII and X of the Second Amended Complaint. In support, of this Motion, the Wexlers state as follows:

**Introduction**

The Wexlers previously moved for partial final judgment under Rule 54(b) on Counts VII and X. Dkt. 176 at 13-15. This Court did not decide that motion, instead dismissing those Counts without prejudice in an amended order entered on August 29, 2024. Dkt. 191. Defendants Chubb National Insurance Company ("Chubb" and Belfor USA Group Inc. ("Belfor," and collectively "Defendants") subsequently objected to the Wexlers' request for leave to file their Third Amended

Complaint, and on January 10, 2025, this Court denied the Wexlers' motion for leave. Dkt. 224. Because the Court denied that request, this Rule 54(b) motion is now ripe for a decision.

As the Wexlers previously explained, Dkt. 176 at 13-15, this Court should enter partial final judgment on Counts VII and X under Rule 54(b) to allow the Wexlers to appeal this Court's decisions on those Counts immediately. Doing so would ensure only one trial in this case, not two.[1]

**Argument**

Courts may enter judgment "as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The court must conclude: (i) the action involves separate claims, (ii) the decision on those claims must be final, and (iii) that there is "no just reason for delay." *Stearns v. Consol. Mgmt., Inc.*, 747 F.2d 1105, 1108 (7th Cir. 1984).

The first two components are satisfied. First, Counts VII and X are separate and separable from the remaining counts alleged in the Second Amended Complaint. Second, the Court originally dismissed these counts "with prejudice," subsequently made the dismissal "without prejudice," and then denied the Wexlers leave to amend their allegations on these Counts. On this record, the Court's decisions on Counts VII and X are now final.

The third component is also satisfied. To decide whether a just reason for delay exists, courts consider the following: (i) the "relationship between the adjudicated and unadjudicated claims"; (ii) the "possibility that the need for review might or might not be mooted by future

---

[1] This motion is timely. *See DaSilva v. Indiana*, 30 F.4th 671, 672 (7th Cir. 2022). The Court first dismissed Counts VII and X on May 30, 2024. Dkt. 170. The Wexlers timely moved on June 16, 2024, for reconsideration or, in the alternative, for partial final judgment under Rule 54(b). Dkt. 176. On January 10, 2025, the Court denied the Wexlers' motion for leave to file the Third Amended Complaint, Dkt. 224, and 30 days from that date was February 9, 2025 (a Sunday).

2

developments in the district court"; (iii) the "possibility that the reviewing court might be obliged to consider the same issue a second time"; (iv) the "presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final"; and (v) miscellaneous factors such as delay, economic considerations, shortening the time of trial, frivolity of competing claims, and expense. *Bank of Lincolnwood v. Fed. Leasing, Inc.*, 622 F.2d 944, 949 (7th Cir. 1980).

These factors all weigh heavily in favor of entry of partial final judgment. By striking the Wexlers' punitive damages claims against Chubb, the Court already has acknowledged that the counts for tortious interference with contract and civil conspiracy stand on their own. Absent these counts, the case can proceed on the Wexlers' breach-of-contract and § 155 claims against Chubb and the fraud, fraudulent inducement, negligence, breach-of-contract, and bailment claims against Belfor. Also, additional rulings by this Court will not moot the arguments the Wexlers will have in the Seventh Circuit in support of reversing this Court's rulings on Counts VII and X. Nor will the Court of Appeals be required to review the same issues raised on appeal with respect to these two counts in any other appeal in this case.

The fourth factor—the possibility of a set-off—does not weigh one way or the other. The final factor, however, weighs heavily in favor of entry of judgment now. The two counts that the Court dismissed do not carry the same measure of damages against Chubb as the others do. Breach-of-contract damages include all foreseeable and consequential damages flowing from the breach. *InsureOne Indep. Ins. Agency, LLC v. Hallberg*, 976 N.E.2d 1014, 1035 (Ill. App. Ct. 2012). By contrast, tort damages are broader, consisting of both compensatory and punitive damages. *See, e.g.*, *Reuben H. Donnelley Corp. v. Brauer*, 655 N.E.2d 1162, 1172 (Ill. App. Ct. 1995). The purpose of punitive damages "is primarily to punish the defendant for their wrongful conduct and

3

to deter both the defendant and others from committing similar offenses in the future." *Tri-G, Inc. v. Burke, Bosselman & Weaver*, 856 N.E.2d 389, 415-16 (Ill. 2006).

Such a deterrent effect cannot be realized until the Court is reversed on appeal and Chubb is tried for all its wrongful conduct. If the Wexlers are forced to wait to appeal the decision on Counts VII and X until after a trial on the contract claims, and if the Seventh Circuit reverses, the Court and parties will be required to try the case a second time. This would impose an unfair and undue hardship on the Wexlers to be able to vindicate their rights. The only fair decision is to enter judgment on Counts VII and X now and allow the Wexlers to appeal immediately.

Trial originally was scheduled for February and then postponed to March, on the Court's request. Dkt. 198. Then, over objection by the Wexlers, the Court again postponed trial to the end of July 2025. Dkt. 230. The Wexlers firmly believe that they would be able to appeal the Court's erroneous decisions on Counts VII and X while completing expert discovery (which will be finished this month) and proceeding through all remaining pretrial motions. That is, this Court will not need to stay litigation on the remaining counts any further than it already has to allow appeal on Counts VII and X. Entry of judgment per Rule 54(b) is the only just and appropriate resolution.

In responding to the Wexlers' original Rule 54(b) motion, Chubb and Belfor relied on *Lottie v. West American Insurance Co. of Ohio*, 408 F.3d 935, 940 (7th Cir. 2005). *See* Dkt. 180 at 14; Dkt. 182. The facts in that case are completely different than those presented here. In that case, the plaintiff brought discrimination and breach-of-contract claims. The Seventh Circuit rejected the use of Rule 54(b) where the district court had dismissed the discrimination claims, explaining that it would need to decide whether a party breached the contract in bad faith before any court decided whether there was a breach at all; the claims were completely intertwined. *Id*. at 939-40. Here, by contrast, the dismissed tortious interference and conspiracy counts stand on

their own, and the Wexlers can prevail on either or both of them regardless of whether a factfinder or the Court determines that there has been a breach of contract.

## Conclusion

For these reasons, the Wexlers ask this Court to direct entry of final judgment per Rule 54(b) on Counts VII and X of the Second Amended Complaint.

Respectfully submitted,

By: */s/ Paul H. Tzur*
Seth D. Lamden, ARDC #6270134
Paul H. Tzur, ARDC #6287573
BLANK ROME LLP
444 W. Lake Street, Suite 1650
Chicago, Illinois 60606
(312) 776–2600
seth.lamden@blankrome.com
paul.tzur@blankrome.com

*Attorneys for Plaintiffs
 Amy Wexler and Kenneth Wexler*

===============================================================================
## CERTIFICATE OF SERVICE (CM/ECF)

I, a non-attorney, hereby certify that on February 10, 2025, I caused a true and correct copy of the foregoing, to be served via the USDC Northern District of Illinois' e-filing system upon all counsel of record.

*/s/ Cheree Woods*