**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AMY WEXLER and KENNETH A. WEXLER,<br>Plaintiffs,<br>vs.<br><br>CHUBB NATIONAL INSURANCE COMPANY, and BELFOR USA GROUP INC.<br>Defendants.<br>and<br><br>CHUBB NATIONAL INSURANCE COMPANY,<br>Counterclaim Plaintiff,<br>vs.<br><br>AMY WEXLER and KENNETH A. WEXLER,<br>Counterclaim Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:21-cv-02543 |

**CHUBB NATIONAL INSURANCE COMPANY'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 10 TO EXCLUDE ALL EVIDENCE OF PLAINTIFFS' ATTORNEYS' FEES**

COMES NOW Defendant Chubb National Insurance Company ("Chubb"), by undersigned counsel, and pursuant to Federal Rule of Evidence 104(a), 401, 402 and 403, respectfully moves to bar Plaintiffs Amy Wexler and Kenneth A. Wexler ("Wexlers" or "Plaintiffs") and its counsel from attempting to introduce evidence of Wexlers' attorneys' fees or to make any reference to Wexlers' attorneys' fees. Chubb further requests that this Court instruct Wexlers' counsel to advise all witnesses not to express opinions or to give testimony about alleged damages for attorneys' fees or the amount of attorneys' fees that Wexlers incurred, and not to make any references in counsel's *voir dire*, opening statement, questions, testimony, trial exhibits, or closing argument concerning damages for attorneys' fees or the amount of Wexlers attorneys' fees and in support states as follows:

**A. Background**

Wexlers contends that Chubb violated Section 155 of the Illinois Insurance Code and are claiming attorneys' fees as part of their Section 155 damages. (Plaintiffs Second Amended

Complaint Count VIII ¶ 161-173). Chubb served two sets of written discovery on the Wexlers seeking to obtain the production of their attorneys' fees. (See, Exhibit A at p. 12, Request No. 44; Exhibit B at p. 14, Request No, 43). In each case, the Wexlers refused to produce any documents, claiming attorney-client privilege, but then offered to produce "redacted invoices and retainer agreements, subject to an appropriate protective order, to establish damages after the Court grants the Wexlers' request for fees and costs."

This Motion is also made pursuant to Fed. R. Evid. 403 on the grounds that Chubb is substantially prejudiced if the court were to allow Wexlers to introduce evidence of attorneys' fees after Wexlers refused to produce the evidence during discovery.

**B. Argument**

Motions in Limine are intended to "exclude evidence before trial in order to prevent the trial from being interrupted by wrangles over admissibility or the jury from getting a whiff of prejudicial evidence that may in fact be inadmissible." *American Int'l Adjustment Co. v. Galvin*, 86 F.3d 1455, 1463 (7th Cir. 1996); *Dyson v. Szarzynski*, NO. 13 CV 3248, 2014 WL 7205591, *1 (N.D. Ill. Dec. 18, 2014). "Evidence which is not relevant is not admissible." Fed. R. Evid. 402. Relevant evidence is defined by Fed. R. Evid. 401 as being, "any evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

**1. Attorneys Fees are Irrelevant to Plaintiffs Breach of Contract Claim**

Under the long standing "American Rule," which is followed in Illinois, each party to a lawsuit is responsible for its own attorneys' fees. *Rexam Bev. Can Co. v. Bolger,* 620 F.3d 718 (7th Cir. 2010). There is no need for the jury to hear any evidence on attorneys fees as such fees cannot be awarded for breach of contract. Testimony about attorneys fees, especially when the billing

records for such fees have been withheld from Chubb, would obviously be unfair and extremely prejudicial as Chubb would have no opportunity to cross examine any witness on the amount and reasonableness of the fees.

It is also well established that a party may not introduce documents or evidence at trial that it objected to and failed to produce during discovery. *Viskase Corp. v. American Nat'l Can Co.,* No. 93 C 7651, 1996 WL 377054, at *1 (N.D.Ill. July 1, 1996); *Ty Inc. v. Softbelly's Inc*., 2006 WL 5111124, at *18 (N.D.Ill. Apr. 7, 2006); *Imel v. DC Constr. Servs., Inc*., 2022 WL 581732, at *3 (S.D. Ind. Feb. 25, 2022). Wexlers failure to produce any documents supporting its attorneys' fees, therefore, precludes Wexlers from offering evidence of attorneys' fees at trial. Testimony about attorneys fees, especially when the billing records for such fees have been withheld from Chubb, would obviously be unfair and extremely prejudicial as Chubb would have no opportunity to cross examine any witness on the amount and reasonableness of the fees.

**2. Plaintiffs Cannot Seek Attorneys Fees Under section 155 Without Producing Its Attorney Billing in Unredacted Form**

There is an exception to the American Rule carved out in cases where it is shown that the insurer has violated Section 155 of the Illinois Insurance Code after prevailing on its breach of contract claim. In those situations, the trial court may determine that the prevailing policyholder may recover as a penalty attorneys' fees incurred to recover the wrongfully withheld policy benefits.

Plaintiffs' written discovery responses appear to acknowledge that the fees are only relevant to the Section 155 penalty phase should the Plaintiffs ever get to that point. Under Section 155, recoverable attorneys' fees are limited to those reasonable fees incurred to recover policy benefits, and not for any other purpose, such as pursuing the Section 155 claim, pursuing other extra-contractual claims and pursuing other parties such as, in this case, co-defendant Belfor. *Soto*

*v. Country Mutual Ins. Co.,* 2017 IL App (2d) 160720-U ¶ 22 (2d Dist. May 11, 2017) (affirming award under Section 155 because trial judge  eliminated some of the charges connected with the litigation involving the other defendants); Further, because a party is not entitled to recover *all* attorneys' fees under Section 155, the party seeking the attorneys' fees has the burden of segregating those fees that were incurred to recover policy benefits from those that were not. *Soto v. Country Mutual Ins. Co.,* 2017 IL App (2d) 160720-U ¶ 22; *Svanaco Inc. v. Brand* 2018 WL 11367578 (N.D. Ill. March 17, 2018).

Ironically, the Wexlers' opposed Chubb's Motion to Bifurcate the Section 155 claim which seems to contradict its offer to produce "redacted invoices and retainer agreements, subject to an appropriate protective order, to establish damages after the Court grants the Wexlers' request for fees and costs." Dkt. 347. This response tacitly acknowledges the long-standing Illinois law that the trial court, not the jury, decides the Section 155 claim and any related damages. *Shelter Mutual Ins. Co. v. Flynn,* No. 1-22-1151, 2023 WL 2733478, *3 (1st Dist. Mar. 31, 2023) (determination of whether an insurer's action in denying or delaying a claim payment is determined by the trial court); *Remprex, LLC v. Certain Underwriters at Lloyd's London*, 228 N.E.3d 321, 346 (1st Dist. 2023) (granting of attorney fees and penalties under Section 155 is entrusted to the discretion of the trial court*); Dark v. U.S. Fidelity & Guar. Co.,* 529 N.E.2d 662, 666 (1st Dist. 1988) ("While the question of whether the insurer's action and delay is vexatious and unreasonable is a factual one, it is a matter for the discretion of the trial court.").

While the Wexlers offered to produce "redacted invoices and retainer agreements, subject to an appropriate protective order, to establish damages after the Court grants the Wexlers' request for fees and costs", even that offer precludes Chubb from having an opportunity to fully assess and challenge any claim for attorneys' fees. The prejudice to Chubb is particularly acute here because

Plaintiffs have engaged in scorched earth tactics that are unrelated and unnecessary to obtaining policy benefits. For example, after having several of their initial claims dismissed, the Wexlers attempted three unsuccessful amendments of their Complaint to attempt to allege damages that the Court already held were not permitted under Illinois law. Dkt. 225. And an unsuccessful attempt to obtain an interlocutory appeal of those rulings. The Wexlers also asserted a breach of contract count, Count II, that the Court dismissed on summary judgment because it was not recognized under Illinois law. The Wexlers also brought repeated largely unsuccessful discovery motions. The Wexlers also unsuccessfully and without proper cause, resisted Chubb's attempt to obtain a stay in the litigation and compel appraisal. And, as mentioned, the Wexlers cannot recover attorneys' fees against Chubb incurred in pursuit of its claims against Belfor. The complete, redacted billing records are necessary to determine the extent to which any attorneys' fees can be recovered.

"A party seeking to recover attorneys' fees bears the burden of presenting sufficient evidence from which the trial court can render a decision as to their reasonableness." *Fed. Deposit Ins. Corp. v. Lowis & Gellen* LLP, No. 11-C-5902, 2014 WL 656660, at *7 (N.D. Ill. Feb. 20, 2014) (citation omitted). As with any category of damages, Chubb was entitled to discover the amount and purported basis for the claim of attorneys fees, the time spent and the purpose of the legal services.

Here, because the Wexlers seek to recover attorneys' fees incurred for a particular purpose as a component of its damages, they have voluntarily injected into the litigation the issue of which attorneys' fees were incurred for that purpose. See, e.g., *In re Estate of Blickenstaff*, 980 N.E.2d 1285, 1294 (Ill. 2012) (finding that "[b]y paying attorney fees out of the estate, the executor voluntarily injected into [the] case the issue of whether the attorney fees were reasonable and whether they were for services beneficial to the estate," and therefore "[f]air and truthful resolution

of that issue necessitates the production of the unredacted billing statements").The question of which attorneys' fees were incurred in connection with obtaining Chubb's Policy benefits cannot be resolved without the Wexlers attorney billing that Chubb requested in its written discovery. The bills have not been produced in redacted form; they have simply not been produced at all. Chubb cannot defend itself against the Wexlers claimed damages amounts without the attorney billings sufficiently unredacted. See *Id*.; *Reynolds v. Beneficial Nat. Bank*, 288 F.3d 277, 286 (7th Cir. 2002) ("To conceal [fee] applications and in particular their bottom line paralyzes objectors....") By putting their fees at issue, the Wexlers were required to respond to Chubb's written discovery so that Chubb could determine whether the fees are recoverable in the first place and whether the amount sought is reasonable based on the amount of time spent and the amount charged.

The parlance often employed in the cases is that one cannot use a privilege as both a shield and a sword. *In re grand Jury Proceedings*, 219 F.3d at 182]; *Patrick v. City of Chicago*., 154 F. Supp. 3d 705 (N.D. Ill. 2015) (The client cannot be permitted to pick and choose among his opponents, waiving the privilege for some and resurrecting the claim of confidentiality as to others, or to invoke the privilege as to communications whose confidentiality he has already compromised for his own benefit.)

Therefore, if Plaintiffs should prevail on their breach of contract claim and proceed to a Section 155 hearing before the trial court, that proceeding should be held only after all unredacted attorneys fees billings have been produced in full to Chubb, and Chubb has had a sufficient opportunity to review the fees in order to challenge them before the trial court. The plain purpose of the rule prohibiting evidence at trial that was not provided in discovery is to avoid undue prejudice and surprise to the party who has been denied discovery. Wexlers' have not provided even basic information about their attorneys fees claim. Wexlers refusal to produce *any* evidence

of its attorneys' fees is especially prejudicial here because potentially recoverable attorneys' fees are limited to those *reasonable* fees incurred to obtain policy benefits that were allegedly vexatiously and unreasonably withheld *and not for any other purpose*. Chubb has been denied information regarding the purpose of the claimed attorneys' fees to evaluate whether the damages claimed were reasonable and properly segregated between potentially recoverable and unrecoverable fees.

**Conclusion**

For the foregoing reasons, Chubb submits that the Court should preclude the Wexlers from offering evidence on attorneys' fees, and from making any reference in counsel's *voir dire,* opening statement, questions, testimony, trial exhibits, or closing argument concerning attorneys' fees.

Respectfully submitted by,

*/s:/ Matthew S. Ponzi*

Matthew S. Ponzi, Esq. (mponzi@fgppr.com )
Michael S. Errera, Esq. (merrera@fgppr.com)
Foran Glennon Palandech Ponzi & Rudloff PC
222 North LaSalle Street, Suite 1400
Chicago, Illinois 60601
(312) 863-5000

*Attorneys for Defendant Chubb National Insurance*

**CERTIFICATE OF SERVICE**

I, the undersigned, state under penalties as provided by law, that I served the aforementioned document, to be filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record on July 3, 2025.

Paul H. Tzur
Seth D. Lamden
Blank Rome LLP
444 W. Lake Street, Suite 1650
Chicago, IL 60606
ptzur@blankrome.com
slamden@blankrome.com
*Counsel for Plaintiff*

Chris J. Chasin
Brian A. McAleenan
Duane Morris LLP
190 S. LaSalle Street, Suite 3700
Chicago, Illinois 60603
e-mail: cjchasin@duanemorris.com
e-mail: BAMcAleenan@duanemorris.com

***and***

Damon N. Vocke
Duane Morris LLP
1540 Broadway
New York, NY 10036-4086
Email: dnvocke@duanemorris.com

*Attorneys for Belfor USA*

*/s:/ Matthew S. Ponzi*

Matthew S. Ponzi (mponzi@fgppr.com )
Michael S. Errera (merrera@fgppr.com)