# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMY WEXLER and KENNETH A. WEXLER,<br><br>*Plaintiffs*,<br><br>v.<br><br>CHUBB NATIONAL INSURANCE COMPANY and BELFOR USA GROUP INC.,<br><br>*Defendants*,<br><br>and<br><br>CHUBB NATIONAL INSURANCE COMPANY,<br><br>*Counterclaim Plaintiff*,<br><br>v.<br><br>AMY WEXLER and KENNETH A. WEXLER,<br><br>*Counterclaim Defendants*. | No. 21 CV 2543<br><br>Magistrate Judge Heather K. McShain |

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT CHUBB'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

NOW COME Plaintiffs, Amy Wexler and Kenneth A. Wexler, by their attorneys, and as its objections and responses to Defendant Chubb National Insurance Company's ("Chubb"), First Set of Requests for Production of Documents, states as follows.

**OBJECTIONS TO CHUBB'S DEFINITIONS AND INSTRUCTIONS**

1. The Wexlers object to Chubb's definition of "incident." The Wexlers' Complaint alleges that multiple water service pipes burst on February 1, 2019, not a single pipe.

2. The Wexlers will comply with their obligations under the Federal Rules of Civil Procedure and the Court's rules. They object to Chubb's instructions to the extent that they purport to impose any obligations upon the Wexlers that are inconsistent with the Federal Rules of Civil Procedure and the Court's rules.

**Responses**

1. All documents Identified in Your answers to Chubb's First Set of Interrogatory requests.

**RESPONSE:** The Wexlers will produce documents identified in their answers to Chubb's First Set of Interrogatory requests.

2. A copy of the rental agreement and/or lease agreement for the Freemont [sic] Residence between February 1, 2019 and May 10, 2021.

**RESPONSE:** The Wexlers will produce the rental agreement.

3. A copy of the purchase agreement for the Freemont [sic] Residence on or about May 10, 2021.

**RESPONSE:** The Wexlers object to this Request as outside the scope of permissible discovery because the requested document is not relevant to any party's claims or defenses.

4. A copy of the earnest money agreement for the Freemont [sic] Residence's purchase on or about May 10, 2021.

**RESPONSE:** The Wexlers object to this Request as outside the scope of permissible discovery because the requested document is not relevant to any party's claims or defenses.

5. A copy of all Documents and Communications that You generated, received, and/or tendered to any party, vendor, consultant, company, and/or individual as related to Your Claim and this Incident.

**RESPONSE:** The Wexlers object to this request because it seeks production of documents protected from disclosure under the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or doctrine protecting the disclosure of confidential information. Subject to and without waiver of their objection, the Wexlers will produce copies of all responsive, non-privileged documents in their possession, if any, and issue a privilege log identifying responsive documents withheld from production.

6. All photographs and/or videos taken between February 1, 2019, and the date You are answering this discovery request of any standing water, damage, and/or condition of the Residence following the discovery of the pipe burst on February 1, 2019 as alleged in Your Complaint paragraph 18.

**RESPONSE:** The Wexlers will produce copies of responsive photographs and videos in their possession.

7. All photographs and/or videos of the condition of the burst pipe, before, during, and/or after repair by a "plumbing emergency service" as alleged in paragraph 19 of Your Complaint.

**RESPONSE:** The Wexlers will produce copies of responsive photographs and videos in their possession.

8. All Documents, including but not limited to, a proposal, estimate, purchase order, invoice, and proof of payment with the "plumbing emergency service" that identified the source of the water leak and made repairs as alleged in paragraph 19 of Your Complaint.

**RESPONSE:** The Wexlers object to this request as ambiguous and request clarification from Chubb as to which documents are being requested. To the extent that Chubb is requesting Communications between the Wexlers and the plumbing emergency service vendor, the Wexlers will produce such Communications in their possession.

9. All Documents that reflect Your request and/or the denial of placing Plaintiffs in temporary housing instead of a hotel as alleged in paragraph 46 of Your Complaint.

**RESPONSE:** The Wexlers object to this request because it seeks production of documents protected from disclosure under the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or doctrine protecting the disclosure of confidential information. Subject to and without waiver of their objection, the Wexlers will produce copies of all responsive, non-privileged documents in their possession, if any, and issue a privilege log identifying responsive documents withheld from production.

10. All Documents that identify the Chubb adjuster referenced in paragraph 50 of Your Complaint and all Documents that memorialize the alleged quotes attributed to the Chubb adjuster.

**RESPONSE:** The Wexlers object to this request because it is overbroad in scope. There are hundreds of documents that identify Bob Paradis, who is the adjuster referenced in paragraph 50 of the Wexlers' complaint. The Wexlers further object to this Request because it seeks production of documents protected from disclosure under the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or doctrine protecting the disclosure of confidential information. Subject to and without waiver of their objections, the Wexlers will produce copies of all responsive, non-privileged documents in their possession, if any, and issue a privilege log identifying responsive documents withheld from production based on privilege.

11. All Documents that depict the condition of Your property referenced in paragraph 54 of Your Complaint which reflects the existence of the missing property or the condition of the damaged property prior to removal from the Residence following the Incident.

**RESPONSE:** The Wexlers object to this Request as overbroad and disproportionate to the needs of this case. It would take a significant amount of time for the Wexlers to review all photographs taken inside their Residence to determine whether the missing property appears in such photographs. Subject to and without waiving this objection, the Wexlers will produce photographs of the missing property and the condition of the damaged property prior to removal from the Residence following the Incident in their possession, if any.

12. All Documents that You generated, received, and/or issued to Chubb with regard to this claim and Incident.

**RESPONSE:** The Wexlers object to this request as ambiguous and request clarification from Chubb as to which documents are being requested. To the extent that Chubb is requesting Communications between the Wexlers and Chubb, the Wexlers will produce such Communications in their possession.

13. All Documents that You generated, received, and/or issued to BELFOR with regard to this claim and Incident.

**RESPONSE:** The Wexlers object to this request as ambiguous and request clarification from Chubb as to which documents are being requested. To the extent that Chubb is requesting Communications between the Wexlers and BELFOR, the Wexlers will produce such Communications in their possession.

14. All Documents that You generated, received, and/or issued to AON with regard to this claim and Incident.

**RESPONSE:** The Wexlers object to this request as ambiguous and request clarification from Chubb as to which documents are being requested. To the extent that Chubb is requesting Communications between the Wexlers and Aon, the Wexlers will produce such Communications in their possession.

15. All Documents that You generated, received, and/or issued to Roberts Construction with regard to this claim and Incident.

**RESPONSE:** The Wexlers object to this request as ambiguous and request clarification from Chubb as to which documents are being requested. To the extent that Chubb is requesting Communications between the Wexlers and Roberts Construction, the Wexlers will produce such Communications in their possession.

16. All Documents that You generated, received, and/or issued with Goodfriend Magruder Structure with regard to this claim and Incident.

**RESPONSE:** The Wexlers object to this request as ambiguous and request clarification from Chubb as to which documents are being requested. To the extent that Chubb is requesting Communications between the Wexlers and Goodfriend Magruder Structure, the Wexlers will produce such Communications in their possession.

17. All Documents that You generated, received, and/or issued with Paul Davis with regard to this claim and Incident.

**RESPONSE:** The Wexlers object to this request as ambiguous and request clarification from Chubb as to which documents are being requested. To the extent that Chubb is requesting Communications between the Wexlers and Paul Davis, the Wexlers will produce such Communications in their possession.

18. All Documents that You generated, received, and/or issued with the "plumbing emergency service" vendor as Identified in paragraph 19 of Your Complaint.

**RESPONSE:** See the Wexlers' response to Request No. 8.

19. All Documents that You generated, received, and/or issued with the "local construction firm" vendor as Identified in paragraph 21 of Your Complaint.

**RESPONSE:** The Wexlers object to this request as ambiguous and request clarification from Chubb as to which documents are being requested. To the extent that Chubb is requesting

Communications between the Wexlers and the construction firm, the Wexlers are unaware of any such Communications.

20. All Documents, including, but not limited to, photographs, videos, and notes that You, or anyone on Your behalf, generated as related to this Incident and any resulting alleged damages.

**RESPONSE:** The Wexlers object to this request because it seeks production of documents protected from disclosure under the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or doctrine protecting the disclosure of confidential information. The Wexlers further object to this request as ambiguous due to the use of the words "generated as related" and as overbroad because this Request appears to be unlimited in scope.

21. All Documents that support Your allegations in the "Facts" section of the Complaint.

**RESPONSE:** The Wexlers will produce copies of all responsive, non-privileged documents in their possession and issue a privilege log identifying responsive documents withheld from production.

22. All Documents that support Your allegations in Count I of the Complaint.

**RESPONSE:** The Wexlers will produce copies of all responsive, non-privileged documents in their possession and issue a privilege log identifying responsive documents withheld from production.

23. All Documents that support Your allegations in Count II of the Complaint.

**RESPONSE:** The Wexlers will produce copies of all responsive, non-privileged documents in their possession and issue a privilege log identifying responsive documents withheld from production.

24. All Documents that support Your allegations in Count III of the Complaint.

**RESPONSE:** The Wexlers will produce copies of all responsive, non-privileged documents in their possession and issue a privilege log identifying responsive documents withheld from production.

25. All Documents that support Your allegations in Count IV of the Complaint.

**RESPONSE:** The Wexlers will produce copies of all responsive, non-privileged documents in their possession and issue a privilege log identifying responsive documents withheld from production.

26. All Documents that support Your allegations in Count VI of the Complaint.

**RESPONSE:** The Wexlers will produce copies of all responsive, non-privileged documents in their possession and issue a privilege log identifying responsive documents withheld from production.

27. All Documents that support Your allegations in Count X of the Complaint.

**RESPONSE:** The Wexlers will produce copies of all responsive, non-privileged documents in their possession and issue a privilege log identifying responsive documents withheld from production.

28. All Documents that support Your allegation of damages sought in the Complaint.

**RESPONSE:** The Wexlers will produce copies of all responsive, non-privileged documents in their possession and issue a privilege log identifying responsive documents withheld from production.

29. All Documents that support Your denial of any allegation contained in the Counterclaim filed by Chubb.

**RESPONSE:** The Wexlers will produce copies of all responsive, non-privileged documents in their possession and issue a privilege log identifying responsive documents withheld from production.

30. All Documents that Identify, describe, list, or detail any suggestion or recommendation received from any company and/or vendor with regard to mitigation, remediation, repair, testing, and/or evaluation with regard to the condition of any portion of the Residence following the Incident between February 1, 2019 and the date You are answering this discovery request.

**RESPONSE:** The Wexlers object to this request because it seeks production of documents protected from disclosure under the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or doctrine protecting the disclosure of confidential information. Subject to and without waiver of their objection, the Wexlers will produce copies of all responsive, non-privileged documents in their possession, if any, and issue a privilege log identifying responsive documents withheld from production.

31. All Documents that Identify, describe, list, or detail any warnings received from any company and/or vendor with regard to mitigation, remediation, repair, testing, and/or evaluation with regard to the condition of any portion of the Residence following the Incident between February 1, 2019 and the date You are answering this discovery request.

**RESPONSE:** The Wexlers object to this request because it seeks production of documents protected from disclosure under the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or doctrine protecting the disclosure of confidential information. Subject to and without waiver of their objection, the Wexlers will produce copies of all

responsive, non-privileged documents in their possession, if any, and issue a privilege log identifying responsive documents withheld from production.

32. All Documents, objects or other tangible evidence that You intend to introduce into evidence as exhibits or for use at trial.

**RESPONSE:** The Wexlers object that this request is premature, as the Wexlers have not determined which Documents, objects or other tangible evidence that they intend to introduce into evidence as exhibits or for use at trial.

33. For each photograph produced in response to a discovery request, provide an electronic JPEG, or native, copy of each photograph in Your possession, if any, and issue a privilege log identifying responsive documents withheld from production.

**RESPONSE:** For each photograph produced in response to a discovery request, the Wexlers will provide an electronic JPEG, or native, copy in their possession, if any, and issue a privilege log identifying responsive documents withheld from production.

34. All recorded statements provided by You as a result of the Incident.

**RESPONSE:** The Wexlers object to this request because it is overbroad in scope. The Wexlers further object to this Request because it seeks production of documents protected from disclosure under the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or doctrine protecting the disclosure of confidential information. Subject to and without waiver of their objections, the Wexlers will produce copies of all responsive, non-privileged documents in their possession and issue a privilege log identifying responsive documents withheld from production based on privilege.

35. All written statements provided by You as a result of the Incident.

**RESPONSE:** The Wexlers object to this request because it is overbroad in scope. The Wexlers further object to this Request because it

seeks production of documents protected from disclosure under the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or doctrine protecting the disclosure of confidential information. Subject to and without waiver of their objections, the Wexlers will produce copies of all responsive, non-privileged documents in their possession and issue a privilege log identifying responsive documents withheld from production based on privilege

36. All purchase documentation for the Residence.

**RESPONSE:** The Wexlers object to this Request as outside the scope of discovery, as this documentation is not relevant to any party's claim or defense.

37. All appraisals for the Residence prior to the Incident.

**RESPONSE:** The Wexlers will produce copies of appraisals of the Residence prior to the Incident in their possession, if any.

38. All Documents and Communications with any company and/or vendor considered for the performance of demolition of the Residence after the Incident.

**RESPONSE:** The Wexlers object to this Request as ambiguous and ask that Chubb clarify what is meant by "Documents . . . with any company and/or vendor . . . ." The Wexlers will produce copies of all responsive Communications in their possession, if any.

39. All Documents and Communications with any company and/or vendor considered for the rebuilding of the Residence after the Incident.

**RESPONSE:** The Wexlers object to this Request as ambiguous and ask that Chubb clarify what is meant by "Documents . . . with any company and/or vendor . . . ." The Wexlers will produce copies of all responsive Communications in their possession, if any.

40. All Documents and Communications with the Village of Glencoe with regard to the Residence after the Incident.

**RESPONSE:** The Wexlers object to this Request as ambiguous and ask that Chubb clarify what is meant by "Documents . . . with the

Village of Glencoe . . . ." The Wexlers will produce copies of all responsive Communications in their possession, if any.

41. All Documents and Communications that support Your allegation of "jewelry that was lost or stolen during the remediation process" as alleged in Your Rule 26 Initial Disclosure.

**RESPONSE:** The Wexlers will produce copies of all responsive, non-privileged documents in their possession, if any.

42. With regard to Your allegation of "jewelry that was lost or stolen during the remediation process" as alleged in Your Rule 26 Initial Disclosure, produce copies of all Documents and Communications that reflect the date of purchase of this jewelry, the placement of this jewelry on an insurance policy of another insurer prior to securing the subject Chubb Policy, any photographs of this jewelry, and any appraisal of this jewelry.

**RESPONSE:** The Wexlers will produce copies of all responsive, non-privileged documents in their possession.

43. All Documents and Communications that support Your allegation of incurring "additional living expenses" that have not been covered by the Chubb Policy as alleged in Your Rule 26 Initial Disclosure.

**RESPONSE:** The Wexlers will produce copies of all responsive, non-privileged documents in their possession, if any.

44. All Documents and Communications that support Your claim for "all legal expenses, expert fees, and professional expenses incurred by the Wexlers in connection with pursuing their claims against Chubb and BELFOR" as alleged in Your Rule 26 Initial Disclosure, including but not limited to, copies of all contracts and/or retainer agreements associated with these alleged expenses and fees, all

invoices for these alleged expenses and fees, all proofs of payment for these alleged expenses and fees, all budgets and scope of work as related to these alleged expenses and fees, and all discounts afforded and/or applied to these alleged expenses and fees.

**RESPONSE:** The Wexlers object to this request because it seeks production of documents protected from disclosure under the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or doctrine protecting the disclosure of confidential information. Subject to this objection, and without waiving it, the Wexlers will produce redacted invoices and retainer agreements, subject to an appropriate protective order, to establish damages after the Court grants the Wexlers' request for fees and costs.

45. A copy of all claim documentation for any submission of a claim, prior to the Incident, for damage to the Residence and/or any of the possessions, including jewelry, to an insurer other than Chubb for this Claim as presented in Your Complaint.

**RESPONSE:** The Wexlers do not have any such claim documentation.

46. All as-built construction drawings for the Residence.

**RESPONSE:** The Wexlers do not have any such drawings.

47. All Documents that reflect any repairs, modifications, renovations, and/or upgrades, and the supporting contracts, purchase orders, invoices, proofs of payment, made to the Residence prior to the Incident.

**RESPONSE:** The Wexlers object to this request as overbroad and disproportionate to the needs of this case because it is unlimited in scope. The Wexlers have owned the Residence for decades, and this Request encompasses Documents that are not relevant to any party's claims or defenses in this case. Subject to and without waiving their objections, the Wexlers will produce Documents in their possession showing the condition of the Residence prior to the Incident.

48. Any and all documents concerning, in any way, any and all opinions of or conclusions rendered or made by each expert witness, whether independent or controlled, who may be expected to render an opinion at the trial of this matter.

**RESPONSE:** The Wexlers object to this request as overbroad in that it is nearly unlimited in scope. This request asks for any and all Documents concerning, in any way, any and all opinions of or conclusions rendered by an expert.

49. Any and all documents used or referred to by each expert witness, whether independent or controlled, who may be expected to render an opinion at the trial of this matter to prepare or reach any opinions, conclusions and/or determinations, including all invoices, worksheets and notes of each such expert.

**RESPONSE:** The Wexlers object to this request as premature. The Wexlers have not made a determination as to which expert witnesses may be asked to render an opinion at trial..

50. All documents, objects and other tangible evidence that Defendant or its attorneys gave to each expert witness, whether independent or controlled and who may be expected to render an opinion at the trial of this matter.

**RESPONSE:** The Wexlers are unaware of what documents, objects and other tangible evidence either Defendant may given to their expert witnesses.

51. The curriculum vitae and list of previous testimony of each expert witness, whether independent or controlled, and who may be expected to render an opinion at the trial of this matter.

**RESPONSE:** The Wexlers object to this request as premature. The Wexlers have not made a determination as to which expert witnesses may be asked to render an opinion at trial.

52. The deposition testimony of each expert witness, whether independent or controlled, and who may be expected to render an opinion at the trial of this matter.

**RESPONSE:** The Wexlers object to this request as premature. The Wexlers have not made a determination as to which expert witnesses may be asked to render an opinion at trial.

53. All published, or peer-reviewed, articles of each expert witness, whether independent or controlled, and who may be expected to render an opinion at the trial of this matter.

**RESPONSE:** The Wexlers object to this request as premature. The Wexlers have not made a determination as to which expert witnesses may be asked to render an opinion at trial.

54. All Documents You generated, tendered, and/or received as a result of the visit by the "plumbing emergency service" vendor, as identified by You in paragraph 19 of Your Complaint, including, but not limited to, proposals, estimates, purchase order, invoice, tests performed, test data, photographs, videos, proof of payment receipt, warnings, suggestions, recommendations, directions, or literature.

**RESPONSE:** The Wexlers object to this request as premature. The Wexlers further object that the Request is ambiguous and request clarification from Chubb as to which documents are being requested. To the extent that Chubb is requesting Communications between the Wexlers and the plumbing emergency service vendor, the Wexlers will produce such Communications in their possession..

55. All Documents You generated, tendered, and/or received as a result of Your [*error in Chubb document requests*]

56. call(s) and/or contact(s) with the "local construction firm," as identified by You in paragraph 21 of Your Complaint, including, but not limited to, proposals, estimates, purchase order, invoice, testing recommendation, mitigation suggestions

and/or recommendations, remediation suggestions and/or recommendations, warnings, suggestions, recommendations, directions, notes, and/or literature.

**RESPONSE:** The Wexlers object to this request as ambiguous and request clarification from Chubb as to which documents are being requested. To the extent that Chubb is requesting Communications between the Wexlers and the construction firm, the Wexlers are unaware of any such Communications.

57. All Documents that Identify the name of the "local construction firm" Identified by You in paragraph 21 of Your Complaint.

**RESPONSE:** The Wexlers are unaware of any such documents.

58. All Documents that You generated, tendered, and/or received as a result of Your call and/or interaction with any company and/or vendor, other than those You Identified in paragraphs 19 and 21 of Your Complaint, including, but not limited to, proposals, estimates, purchase order, invoice, testing recommendation, mitigation suggestions and/or recommendations, remediation suggestions and/or recommendations, warnings, suggestions, recommendations, directions, notes, or literature.

**RESPONSE:** The Wexlers object to this Request as ambiguous and unlimited in scope, as it requests all Documents "with any company and/or vendor" without reference to the type of company or vendor, date range, or purpose for which the company or vendor was called or interacted with.

59. All Documents that You generated, tendered, and/or received as a result of any interaction with any employee, agent, and/or representative of Chubb National Insurance Company as related to this claim.

**RESPONSE:** The Wexlers object to this request as ambiguous and request clarification from Chubb as to which documents are being requested. To the extent that Chubb is requesting

Communications between the Wexlers and Chubb's employees, agents, and/or representatives, the Wexlers will produce such Communications in their possession.

60. All Documents that You generated, tendered, and/or received as a result of any interaction with any employee, agent, and/or representative of BELFOR USA Group, Inc. as related to this claim.

**RESPONSE:** The Wexlers object to this request as ambiguous and request clarification from Chubb as to which documents are being requested. To the extent that Chubb is requesting Communications between the Wexlers and BELFOR's employees, agents, and/or representatives, the Wexlers will produce such Communications in their possession.

61. All Documents that You generated, tendered, and/or received as a result of any interaction with any employee, agent, and/or representative of AON Private Risk Management Insurance Agency, Inc. as related to this claim.

**RESPONSE:** The Wexlers object to this request as ambiguous and request clarification from Chubb as to which documents are being requested. To the extent that Chubb is requesting Communications between the Wexlers and Aon's employees, agents, and/or representatives, the Wexlers will produce such Communications in their possession.

62. All Documents that support Your facts as Identified in paragraph 27 of Your Complaint that "professional experience of AON, Chubb and Belfor, regarding handling similar claims, the reasonable and customary steps to take to protect the Property from further damage including damage from mold formation and/or mold spreading (collectively "Mold Damage") while Chubb adjusted the loss."

**RESPONSE:** The Wexlers object to this Request as ambiguous because it refers to paragraph 27 but quotes only a portion of paragraph 27. The excerpt is an incomplete sentence. The Wexlers request clarification from Chubb as to which Documents are being requested.

63. All Documents that support Your facts as Identified in paragraph 27 of Your Complaint that Chubb "directed the contractor on the scope of repairs."

**RESPONSE:** The Wexlers object to this because it is unlimited in scope and is, therefore, overbroad and results in a burden on the Wexlers that is disproportion to the needs of the case. The Wexlers will produce copies of responsive, non-privileged documents in their possession, if any, that support the allegation that Chubb "directed the contractor on the scope of repairs" and issue a privilege log identifying responsive documents withheld from production based on privilege.

64. All Documents that support Your facts as Identified in paragraph 30 of Your Complaint that "it has been common practice among professionals familiar with such water damage occurrences to immediately run industrial dehumidifiers (and similar drying equipment) and to immediately turn off any HVAC system uses forced air as a technique to inhibit the growth and spread of mold."

**RESPONSE:** The Wexlers will produce copies of responsive, non-privileged documents in their possession, if any.

65. All Documents that support Your facts as Identified in paragraph 30 of Your Complaint of how long the HVAC system in the Residence remained on and/or off between February 1, 2019 and February 6, 2019, including, but not limited to any notes or utility bills.

**RESPONSE:** The Wexlers will produce copies of all responsive, non-privileged documents in their possession.

66. All Documents that Identity and/or relate that between February 12, 2019 and August 20, 2020, as alleged in paragraphs 47 and 59 of Your Complaint, each day that You visited the Residence, Identify any third parties present at the

Residence when You were present at the Residence on each date, and Identify what activities You performed while at the Residence on each date.

**RESPONSE:** The Wexlers object to this request because it seeks production of documents protected from disclosure under the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or doctrine protecting the disclosure of confidential information. The Wexlers also object to this Request as overbroad because it is unlimited in scope and rendered ambiguous due the inclusion of the words "and/or relate that between." Subject to and without waiver of their objections, the Wexlers will produce copies of responsive, non-privileged documents in their possession.

67. All Documents, including facts, data, and evidence, that supports your allegation in paragraph 48 of Your Complaint.

**RESPONSE:** The Wexlers will produce copies of all responsive, non-privileged documents in their possession and issue a privilege log identifying responsive documents withheld from production.

Date: December 1, 2021

Respectfully submitted,

*s/ Seth Lamden*

Seth D. Lamden
Paul H. Tzur
BLANK ROME LLP
444 W. Lake Street, Suite 1650
Chicago, Illinois 60606
(312) 776–2600
seth.lamden@blankrome.com
paul.tzur@blankrome.com

*Attorneys for Plaintiffs*
*Amy Wexler and Kenneth Wexler*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Wexlers' Responses to Defendant Chubb's First Set of Requests for Production of Documents was served upon all counsel of record by e-mail on December 1, 2021.

*s/ Paul H. Tzur*

Seth D. Lamden
Paul H. Tzur
BLANK ROME LLP
444 W. Lake Street, Suite 1650
Chicago, Illinois 60606
(312) 776–2600
seth.lamden@blankrome.com
paul.tzur@blankrome.com

*Attorneys for Plaintiffs*
*Amy Wexler and Kenneth Wexler*