# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AMY WEXLER and<br>KENNETH A. WEXLER,<br><br>Plaintiffs,<br><br>vs.<br><br>CHUBB NATIONAL INSURANCE COMPANY, an Indiana corporation, and BELFOR USA GROUP INC., a Colorado corporation<br><br>Defendants.<br><br>and<br><br>CHUBB NATIONAL INSURANCE COMPANY, an Indiana corporation,<br><br>Counterclaim Plaintiff<br><br>vs.<br><br>AMY WEXLER and<br>KENNETH A. WEXLER<br><br>Counterclaim Defendant. | ) | Case No. 21 CV 2543 |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO CHUBB'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

NOW COME Plaintiffs, Amy Wexler and Kenneth A. Wexler, by their attorneys, and as their objections and responses to Defendant Chubb National Insurance Company's Second Set of Requests for Production of Documents, state as follows:

1. All Documents Identified in Your answers to Chubb's Second Set of Interrogatory Requests.

**RESPONSE:** None.

2. All Documents that You sent to Steve Stender, or anyone employed with his law firm, with regards to the lease, rental, and/or purchase of the Fremont Residence.

**RESPONSE:** The Wexlers object to this Request and demand its withdrawal because it is an intentional request for documents, communications, and information that is protected from disclosure by the attorney-client privilege. The Wexlers further object to this Request pursuant to FRCP 26 (b)(1) because it seeks Documents that are not relevant to any party's claim or defense and is disproportionate to the needs of the case.

3. All Documents that You received from Steve Stender, or anyone employed with his law firm, with regards to the lease, rental, and/or purchase of the Fremont Residence.

**RESPONSE:** The Wexlers object to this Request and demand its withdrawal because it is an intentional request for documents, communications, and information that is protected from disclosure by the attorney-client privilege. The Wexlers further object to this Request pursuant to FRCP 26 (b)(1) because it seeks Documents that are not relevant to any party's claim or defense and is disproportionate to the needs of the case.

4. All Documents that you received which Steve Stender, or anyone employed with his law firm, sent on Your behalf with regards to the lease, rental, and/or purchase of the Fremont Residence.

**RESPONSE:** The Wexlers object to this Request and demand its withdrawal because it is an intentional request for documents, communications, and information that is protected from disclosure by the attorney-client privilege. The Wexlers further object to this Request pursuant to FRCP 26 (b)(1) because it seeks Documents that are not relevant to any party's claim or defense and is disproportionate to the needs of the case.

5. All Documents that you received which Steve Stender, or anyone employed with his law firm, was sent with regards to the lease, rental, and/or purchase of the Fremont Residence.

**RESPONSE:** The Wexlers object to this Request and demand its withdrawal because it is an intentional request for documents, communications, and information that is protected from disclosure by the attorney-client privilege. The Wexlers further object to this Request pursuant to FRCP 26 (b)(1) because it seeks Documents that are not relevant to any party's claim or defense and is disproportionate to the needs of the case.

6. All Documents that You sent to Joel Lipman, or anyone employed with his law firm, with regards to the lease, rental, and/or purchase of the Fremont Residence.

**RESPONSE:** The Wexlers object to this Request because it seeks Documents that are not relevant to any party's claim or defense as required by FRCP 26 (b)(1). The Wexlers further object to this Request pursuant to FRCP 26 (b)(1) because it seeks Documents that are not relevant to any party's claim or defense and is disproportionate to the needs of the case. Subject to the objection, the Wexlers will look for responsive documents in their possession and control and will produce such documents, if there are any, at a mutually convenient time and place.

7. All Documents that You received from Joel Lipman, or anyone employed with his law firm, with regards to the lease, rental, and/or purchase of the Fremont Residence.

**RESPONSE:** The Wexlers object to this Request because it seeks Documents that are not relevant to any party's claim or defense as required by FRCP 26 (b)(1). The Wexlers further object to this Request pursuant to FRCP 26 (b)(1) because it seeks Documents that are not relevant to any party's claim or defense and is disproportionate to the needs of the case. Subject to the objection, the Wexlers will look for responsive documents in their possession and control and will produce such documents, if there are any, at a mutually convenient time and place.

8. All Documents that you received which Joel Lipman, or anyone employed with his law firm, sent on Your behalf with regards to the lease, rental, and/or purchase of the Fremont Residence.

**RESPONSE:** The Wexlers object to this Request because it seeks Documents that are not relevant to any party's claim or defense as required by FRCP 26 (b)(1). The Wexlers further object to this

Request pursuant to FRCP 26 (b)(1) because it seeks Documents that are not relevant to any party's claim or defense and is disproportionate to the needs of the case. Subject to the objection, the Wexlers will look for responsive documents in their possession and control and will produce such documents, if there are any, at a mutually convenient time and place.

9. All Documents that you received which Joel Lipman, or anyone employed with his law firm, was sent with regards to the lease, rental, and/or purchase of the Fremont Residence.

**RESPONSE:** The Wexlers object to this Request because it seeks Documents that are not relevant to any party's claim or defense as required by FRCP 26 (b)(1). The Wexlers further object to this Request pursuant to FRCP 26 (b)(1) because it seeks Documents that are not relevant to any party's claim or defense and is disproportionate to the needs of the case. Subject to the objection, the Wexlers will look for responsive documents in their possession and control and will produce such documents, if there are any, at a mutually convenient time and place.

10. All Documents that You sent to Donna Wilkins, or anyone associated with Jameson Sothesby International Realty, with regards to the lease, rental, and/or purchase of the Fremont Residence.

**RESPONSE:** The Wexlers object to this Request pursuant to FRCP 26 (b)(1) to the extent it seeks Documents that are not relevant to any party's claim or defense and is disproportionate to the needs of the case. Subject to the objection, the Wexlers will look for responsive documents in their possession and control and will produce such documents, if there are any, at a mutually convenient time and place.

11. All Documents that You received from Donna Wilkins, or anyone associated with Jameson Sothesby International Realty, with regards to the lease, rental, and/or purchase of the Fremont Residence.

**RESPONSE:** The Wexlers object to this Request pursuant to FRCP 26 (b)(1) to the extent it seeks Documents that are not relevant to any party's claim or defense and is disproportionate to the needs of the case. Subject to the objection, the Wexlers will look for responsive documents in

their possession and control and will produce such documents, if there are any, at a mutually convenient time and place.

12. All Documents that you received which Donna Wilkins, or anyone associated with Jameson Sothesby International Realty, sent on Your behalf with regards to the lease, rental, and/or purchase of the Fremont Residence.

**RESPONSE:** The Wexlers object to this Request pursuant to FRCP 26 (b)(1) to the extent it seeks Documents that are not relevant to any party's claim or defense and is disproportionate to the needs of the case. Subject to the objection, the Wexlers will look for responsive documents in their possession and control and will produce such documents, if there are any, at a mutually convenient time and place.

13. All Documents that you received which Donna Wilkins, or anyone associated with Jameson Sothesby International Realty, was sent with regards to the lease, rental, and/or purchase of the Fremont Residence.

**RESPONSE:** The Wexlers object to this Request pursuant to FRCP 26 (b)(1) to the extent it seeks Documents that are not relevant to any party's claim or defense and is disproportionate to the needs of the case. Subject to the objection, the Wexlers will look for responsive documents in their possession and control and will produce such documents, if there are any, at a mutually convenient time and place.

14. All Documents that You sent to Naseem El-Barbarawi, or anyone associated with Jameson Sothesby International Realty, with regards to the lease, rental, and/or purchase of the Fremont Residence.

**RESPONSE:** The Wexlers object to this Request pursuant to FRCP 26 (b)(1) to the extent it seeks Documents that are not relevant to any party's claim or defense and is disproportionate to the needs of the case. Subject to the objection, the Wexlers will look for responsive documents in their

possession and control and will produce such documents, if there are any, at a mutually convenient time and place.

15. All Documents that You received from Naseem El-Barbarai, or anyone associated with Jameson Sothesby International Realty, with regards to the lease, rental, and/or purchase of the Fremont Residence.

**RESPONSE:** The Wexlers object to this Request pursuant to FRCP 26 (b)(1) to the extent it seeks Documents that are not relevant to any party's claim or defense and is disproportionate to the needs of the case. Subject to the objection, the Wexlers will look for responsive documents in their possession and control and will produce such documents, if there are any, at a mutually convenient time and place.

16. All Documents that you received which Naseem El-Barbarai, or anyone associated with Jameson Sothesby International Realty, sent on Your behalf with regards to the lease, rental, and/or purchase of the Fremont Residence.

**RESPONSE:** The Wexlers object to this Request pursuant to FRCP 26 (b)(1) to the extent it seeks Documents that are not relevant to any party's claim or defense and is disproportionate to the needs of the case. Subject to the objection, the Wexlers will look for responsive documents in their possession and control and will produce such documents, if there are any, at a mutually convenient time and place.

17. All Documents that you received which Naseem El-Barbarai, or anyone associated with Jameson Sothesby International Realty, was sent with regards to the lease, rental, and/or purchase of the Fremont Residence.

**RESPONSE:** The Wexlers object to this Request pursuant to FRCP 26 (b)(1) to the extent it seeks Documents that are not relevant to any party's claim or defense and is disproportionate to the needs of the case. Subject to the objection, the Wexlers will look for responsive documents in their possession and control and will produce such documents, if there are any, at a mutually convenient time and place.

18. All Documents that You sent to any employee, agent, and/or representative of Jameson Sothesby International Realty with regards to the lease, rental, and/or purchase of the Fremont Residence.

**RESPONSE:** The Wexlers object to this Request because it is redundant and, pursuant to FRCP 26)b)(1), to the extent that it seeks Documents that are not relevant to any party's claim or defense and is disproportionate to the needs of the case. Subject to the objection, the Wexlers will look for responsive documents in their possession and control and will produce such documents, if there are any, at a mutually convenient time and place.

19. All Documents that You received from Jameson Sothesby International Realty with regards to the lease, rental, and/or purchase of the Fremont Residence.

**RESPONSE:** The Wexlers object to this Request because it is redundant and, pursuant to FRCP 26)b)(1), to the extent that it seeks Documents that are not relevant to any party's claim or defense and is disproportionate to the needs of the case. Subject to the objection, the Wexlers will look for responsive documents in their possession and control and will produce such documents, if there are any, at a mutually convenient time and place.

20. All Documents that you received which Jameson Southesby International Realty sent on Your behalf with regards to the lease, rental, and/or purchase of the Fremont Residence.

**RESPONSE:** The Wexlers object to this Request because it is redundant and, pursuant to FRCP 26)b)(1), to the extent that it seeks Documents that are not relevant to any party's claim or defense and is disproportionate to the needs of the case. Subject to the objection, the Wexlers will look for responsive documents in their possession and control and will produce such documents, if there are any, at a mutually convenient time and place.

21. All Documents that you received which Jameson Southesby International Realty was sent with regards to the lease, rental, and/or purchase of the Fremont Residence.

**RESPONSE:** The Wexlers object to this Request because it is redundant and, pursuant to FRCP 26(b)(1), to the extent that it seeks Documents that are not relevant to any party's claim or defense

and is disproportionate to the needs of the case. Subject to the objection, the Wexlers will look for responsive documents in their possession and control and will produce such documents, if there are any, at a mutually convenient time and place.

22. All Documents that You sent to ALE Solutions, Inc., or anyone associated with ALE Solutions, Inc., with regards to the lease, rental, and/or purchase of the Fremont Residence.

**RESPONSE:** The Wexlers object to this Request pursuant to FRCP 26 (b)(1) to the extent it seeks Documents that are not relevant to any party's claim or defense and is disproportionate to the needs of the case. Subject to the objection, the Wexlers will look for responsive documents in their possession and control and will produce such documents, if there are any, at a mutually convenient time and place.

23. All Documents that you received which ALE Solutions, Inc., or anyone associated with ALE Solutions, Inc., sent on Your behalf with regards to the lease, rental, and/or purchase of the Fremont Residence.

**RESPONSE:** The Wexlers object to this Request pursuant to FRCP 26 (b)(1) to the extent it seeks Documents that are not relevant to any party's claim or defense and is disproportionate to the needs of the case. Subject to the objection, the Wexlers will look for responsive documents in their possession and control and will produce such documents, if there are any, at a mutually convenient time and place.

24. All Documents that you received which ALE Solutions, Inc., or anyone associated with ALE Solutions, Inc., sent on Your behalf with regards to the lease, rental, and/or purchase of the Fremont Residence.

**RESPONSE:** The Wexlers object to this Request pursuant to FRCP 26 (b)(1) to the extent it seeks Documents that are not relevant to any party's claim or defense and is disproportionate to the needs of the case. Subject to the objection, the Wexlers will look for responsive documents in their possession and control and will produce such documents, if there are any, at a mutually convenient time and place.

25. All Documents that You received which ALE Solutions, Inc., or anyone associated with ALE Solutions, Inc., was sent with regards to the lease, rental, and/or purchase of the Fremont Residence.

**RESPONSE:** The Wexlers object to this Request pursuant to FRCP 26 (b)(1) to the extent it seeks Documents that are not relevant to any party's claim or defense and is disproportionate to the needs of the case. Subject to the objection, the Wexlers will look for responsive documents in their possession and control and will produce such documents, if there are any, at a mutually convenient time and place.

26. All Documents that You received from Caroline Conrado with regards to the lease, rental, and/or purchase of the Fremont Residence.

**RESPONSE:** The Wexlers object to this Request pursuant to FRCP 26 (b)(1) to the extent it seeks Documents that are not relevant to any party's claim or defense and is disproportionate to the needs of the case. Subject to the objection, the Wexlers will look for responsive documents in their possession and control and will produce such documents, if there are any, at a mutually convenient time and place.

27. All Documents that You sent to Caroline Conrado with regards to the lease, rental, and/or purchase of the Fremont Residence.

**RESPONSE:** The Wexlers object to this Request pursuant to FRCP 26 (b)(1) to the extent it seeks Documents that are not relevant to any party's claim or defense and is disproportionate to the needs of the case. Subject to the objection, the Wexlers will look for responsive documents in their possession and control and will produce such documents, if there are any, at a mutually convenient time and place.

28. All Documents that You received from any employee, agent, attorney, or representative of Caroline Conrado with regards to the lease, rental, and/or purchase of the Fremont Residence.

**RESPONSE:** The Wexlers object to this Request pursuant to FRCP 26 (b)(1) to the extent it seeks Documents that are not relevant to any party's claim or defense and is disproportionate to the needs

of the case. Subject to the objection, the Wexlers will look for responsive documents in their possession and control and will produce such documents, if there are any, at a mutually convenient time and place.

29. All Documents that You received from Eduardo Conrado with regards to the lease, rental, and/or purchase of the Fremont Residence.

**RESPONSE:** The Wexlers object to this Request pursuant to FRCP 26 (b)(1) to the extent it seeks Documents that are not relevant to any party's claim or defense and is disproportionate to the needs of the case. Subject to the objection, the Wexlers will look for responsive documents in their possession and control and will produce such documents, if there are any, at a mutually convenient time and place.

30. All Documents that You sent to Eduardo Conrado with regards to the lease, rental, and/or purchase of the Fremont Residence.

**RESPONSE:** The Wexlers object to this Request pursuant to FRCP 26 (b)(1) to the extent it seeks Documents that are not relevant to any party's claim or defense and is disproportionate to the needs of the case. Subject to the objection, the Wexlers will look for responsive documents in their possession and control and will produce such documents, if there are any, at a mutually convenient time and place.

31. All Documents that You received from any employee, agent, attorney, or representative of Eduardo Conrado with regards to the lease, rental, and/or purchase of the Fremont Residence.

**RESPONSE:** The Wexlers object to this Request pursuant to FRCP 26 (b)(1) to the extent it seeks Documents that are not relevant to any party's claim or defense and is disproportionate to the needs of the case. Subject to the objection, the Wexlers will look for responsive documents in their possession and control and will produce such documents, if there are any, at a mutually convenient time and place.

32. All Documents that You sent to any third party with regards to the lease, rental, and/or purchase of the Fremont Residence.

**<u>RESPONSE</u>:** The Wexlers object to this Request because it is overly broad, seeks Documents that are not relevant to any party's claim or defense, and is disproportionate to the needs of the case pursuant to FRCP 26 (b)(1).

33. All Documents that You received from any third party with regards to the lease, rental, and/or purchase of the Fremont Residence.

**<u>RESPONSE</u>:** The Wexlers object to this Request because it is overly broad, seeks Documents that are not relevant to any party's claim or defense, and is disproportionate to the needs of the case pursuant to FRCP 26 (b)(1).

34. All Documents that reflect how much of the additional living expense payments You received from Chubb were used and/or applied toward the purchase of the Fremont Residence.

**<u>RESPONSE</u>:** No such Documents exist. The Wexlers did not use or apply any additional living expense payments received from Chubb toward the purchase of the Fremont Residence.

35. All Documents which support Your allegation and/or claim that Chubb authorized, directed, acquiesced, or permitted You to throw away personal property and/or contents instead of retaining the personal property and/or contents until an inspection and documenting of the personal property and/or contents occurred.

**<u>RESPONSE</u>:** The Wexlers object to this Request as an unreasonable and vexatious attempt at delay and multiply these proceedings because Chubb knows and has admitted (1) it permitted, authorized and directed the disposal of personal property and (2) this was after Chubb and its vendors had in their possession and/or control, inspected, and documented, albeit not completely, the property. Chubb also knows that Belfor did not inventory the property it handled and unilaterally removed from the Wexlers' Home and stole valuable pieces of that property, of which the Wexlers advised and described to Chubb and/or its vendors. The Wexlers further object because discovery relating to the Wexlers' contents claim is stayed. When the stay is lifted, the

Wexlers will produce such documents, to the extent that such documents are in their possession and control, and subject to their objections.

36. All Documents, including, but not limited to proposals, bids, estimates, contracts, invoices, plans, drawings, permit application, permit issued, and payment receipts which You allege and/or contend support Your seeking of "the actual cost of demolishing" of the Residence as identified in Your Section III Damages disclosure contained in Your October 22, 2021 First Amended Rule 26 Initial Disclosure.

**RESPONSE:** The Wexlers object to this Request to the extent it requires the premature disclosure of experts. The Wexles further object to this Request as an unreasonable and vexatious delay and multiplication of these proceedings because Chubb already knows that the Wexlers have not demolished the Residence yet because Chubb refused to permit the Wexlers to do so. In response to the Wexlers' notice that they intended to demolish the Residence, Chubb told the Wexlers to not demolish the Residence and threatened that, if they attempted to do so, Chubb would seek Court relief to prevent it. Since that time, Chubb vendors have visited and inspected the Residence.

37. All Documents, including, but not limited to proposals, bids, estimates, contracts, invoices, plans, drawings, permits applications, permit issued, and payment receipts which You allege and/or contend support Your seeking of "rebuilding their residence to its pre-loss condition as identified in Your Section III Damages disclosure contained in Your October 22, 2021 First Amended Rule 26 Initial Disclosure.

**RESPONSE:** The Wexlers object to this Request to the extent it requires the premature disclosure of experts. All such Documents in the Wexlers' possession and control have either been sent or produced to Chubb or will be produced in this case.

38. All Documents which You allege and/or contend support Your seeking of "the actual cost of replacing their possessions that have been determined to be a total loss" as identified in Your Section III Damages disclosure contained in Your October 22, 2021 First Amended Rule 26 Initial Disclosure.

**RESPONSE:** The Wexlers object to this Request to the extent it requires the premature disclosure of experts. The Wexlers further object to this Request because discovery relating to the Wexlers'

contents claim is stayed. When the stay is lifted, the Wexlers will produce such documents, to the extent that such documents are in their possession and control, and subject to their objections.

39. All Documents which You allege and/or contend that identify each of your possessions that have been determined to be a "total loss" as identified in Your Section III Damages disclosure contained in Your October 22, 2021 First Amended Rule 26 Initial Disclosure.

**RESPONSE:** The Wexlers object to this Request as an unreasonable and vexatious delay and multiplication of these proceedings because Chubb and its vendors inventoried property deemed to be a total loss, though they failed to inventory all the Wexlers' property, and Chubb has had copies of the inventories and photographs of property deemed a total loss in its possession for years. Chubb also knows that Belfor failed to inventory the property it handled and unilaterally removed from the Wexlers' Home and stole valuable pieces of that property. stole valuable pieces of that property, of which the Wexlers advised and described to Chubb and/or its vendors. The Wexlers further object to this Request because discovery relating to the Wexlers' contents claim is stayed. When the stay is lifted, the Wexlers will produce such documents, to the extent that such documents are in their possession and control, and subject to their objections.

40. All Documents which You allege and/or contend reflect the purchase price, including, but not limited to receipts, invoices, appraisals, insurance coverage riders and/or valuations, for each of Your possessions that your allege have been determined to be a total loss as identified in Your Section III Damages disclosure contained in Your October 22, 2021 First Amended Rule 26 Initial Disclosure.

**RESPONSE:** The Wexlers object to this Request to the extent it requires the premature disclosure of experts. The Wexlers further object to this Request because discovery relating to the Wexlers' contents claim is stayed. When the stay is lifted, the Wexlers will produce such documents, to the extent that such documents are in their possession and control, and subject to their objections.

41. All Documents which You allege and/or contend reflects "the actual cost of replacing the Wexlers' jewelry that was lost or stolen during the remediation process" as identified in Your Section III Damages disclosure contained in Your October 22, 2021 First Amended Rule 26 Initial Disclosure.

**RESPONSE:** The Wexlers object to this Request to the extent it requires the premature disclosure of experts. The Wexlers further object to this Request because discovery relating to the Wexlers' contents claim is stayed. When the stay is lifted, the Wexlers will produce such documents, to the extent that such documents are in their possession and control, and subject to their objections.

42. All Documents which You allege and/or contend that identify and support the valuation of the "additional living expenses incurred by the Wexlers until their residence is rebuilt to its pre-loss condition" as identified in Your Section III Damages disclosure contained in Your October 22, 2021 First Amended Rule 26 Initial Disclosure.

**RESPONSE:** The Wexlers object to this Request to the extent it requires the premature disclosure of experts. Subject to the objection, the Wexlers will look for responsive documents in their possession and control and will produce such documents, if there are any that have not already been produced, at a mutually convenient time and place.

43. All Documents which You allege and/or contend that that identify and support the "legal expenses, experts fees, and professional expenses incurred by the Wexlers in connection with pursuing their claims against Chubb and BELFOR" as identified in Your Section III Damages disclosure contained in Your October 22, 2021 First Amended Rule 26 Initial Disclosure.

**RESPONSE:** The Wexlers continue to accrue such fees and expenses. Such invoices will be presented to the Court in a fee petition at the appropriate time.

44. All Documents which reflect the activities undertaken, performed, and/or completed by You in order to demolish, or attempt to demolish, the Residence so that it might be re-built, including but not limited demolition applications and/or demolition permits, as identified in Your Section III Damages disclosure contained in Your October 22, 2021 First Amended Rule 26 Initial Disclosure.

**RESPONSE:** As Chubb already knows, the Wexlers have not demolished the Residence yet because Chubb refused to permit the Wexlers to do so. In response to the Wexlers' notice that they intended to demolish Residence, Chubb told the Wexlers to not demolish the Residence and threatened that, if they attempted to do so, Chubb would seek Court relief to prevent it.

45. All Documents which reflect the activities undertaken, performed, and/or completed by You in order to rebuild the Residence, including but not limited building applications

and/or building permits, as identified in Your Section III Damages disclosure contained in Your October 22, 2021 First Amended Rule 26 Initial Disclosure.

**RESPONSE:** All such Documents in the Wexlers' possession and control have either been sent or produced to Chubb or will be produced to Chubb.

Date: September 21, 2023

*/s/ Seth Lamden*
Seth D. Lamden
Paul H. Tzur
BLANK ROME LLP
444 W. Lake Street, Suite 1650
Chicago, Illinois 60606
(312) 776–2600
seth.lamden@blankrome.com
paul.tzur@blankrome.com

*Attorneys for Plaintiffs*
*Amy Wexler and Kenneth Wexler*

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the *Wexlers' Responses and Objections to Defendant Chubb's Second Set of Requests for Production of Documents* was served upon all counsel of record by e-mail on September 21, 2023.

*/s/ Seth Lamden*